```
1  KAMER ZUCKER ABBOTT
   Dare E. Heisterman    #14060
2  R. Todd Creer         #10016
   6325 South Jones Boulevard, Suite 300
3  Las Vegas, Nevada 89118
   Tel: (702) 259-8640
4  Fax: (702) 259-8646
   tcreer@kzalaw.com
5  dheisterman@kzalaw.com

6  Attorneys for Defendant
   Premium Waters, Inc.
7
```

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| DAVID VANDERKLIPP, an individual, | ) | Case No. 2:24-cv-00920-JAD-BNW |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **PROPOSED STIPULATED JOINT DISCOVERY PLAN AND SCHEDULING ORDER** |
| PREMIUM WATERS, Inc., a Foreign Corporation, | ) | |
| | ) | **(Special Scheduling Review Requested)** |
| Defendant. | ) | |

Defendant Premium Waters, Inc. ("Defendant"), by and through its counsel of record Kamer Zucker Abbott, and Plaintiff David Vanderklipp ("Plaintiff"), by and through his counsel of record Hatfield & Associates, Ltd.., hereby files the following Discovery Plan and Scheduling Order to the Court in compliance with Federal Rule of Civil Procedure 26 and Local Rule (hereinafter "LR") 26-1 except that The Parties' request a special scheduling review to extend the deadline to exchange initial disclosures by one (1) week. Hereinafter Plaintiff and Defendant shall be collectively referred to as "The Parties."

**Meeting of Counsel**

1.) All parties of record participated in the meeting required under Fed. R. Civ. P. 26(f), which was held on **July 30, 2024**. The Parties' respective counsels have fully discussed this proposed discovery plan.

**Subjects of Discovery**

2.) The Parties propose that discovery be conducted on the causes of action alleged in the Complaint and defenses raised in the Answer as allowed by the Rules of Civil Procedure and applicable Local Rules. Discovery will not be conducted in phases.

**Initial Disclosures**

3.) Pursuant to Fed. R. Civ. P. 26(a)(1)(C), The Parties have agreed to exchange initial disclosures by **August 20, 2024**.

**Issues Relating to Claims of Privilege or Attorney Work Product**

4.) The Parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney-work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and to request an order of the Court denying such privilege.

**Discovery Cut-Off**

5.) The Parties shall have until **January 2, 2025**, to conduct all discovery permissible pursuant to the Federal Rules of Civil Procedure. This date is 181 days after the Defendant first answered on July 5, 2024. (The original due date falls on a legal holiday, therefore, the deadline is moved to the next judicial day that is not a Saturday, Sunday, or legal holiday).

**Amended Pleadings and Added Parties**

6.) The Parties shall have until **October 4, 2024**, to file any motions to amend the pleadings or add parties which is 90 days before the discovery cut-off date of January 2, 2025, in accordance with LR 26-1(b)(2).

**Expert Disclosures**

7.) Counsel for The Parties have agreed that all prospective expert witnesses shall be disclosed on or before **November 4, 2024**, which is 59 days before the discovery cut-off date of January 2, 2025. (The original due date falls on a Sunday, therefore, the deadline is moved to the next judicial day that is not a Saturday, Sunday, or legal holiday). All prospective rebuttal expert witnesses shall be disclosed on or before **December 4, 2024**. This date is 30 days after the initial expert disclosure date, in accordance with LR 26-1(b)(3).

**Dispositive Motions**

8.) Counsel for The Parties have agreed that the last day for filing dispositive motions in this case shall be **February 3, 2025**, 32 days after the discovery cut-off date of January 2, 2025. (The original due date falls on a Saturday, therefore, the deadline is moved to the next judicial day that is not a Saturday, Sunday, or legal holiday).

**Joint Pretrial Order**

9.) The Parties have agreed that the Joint Pretrial Order in this case shall be filed on or before **March 5, 2025**, 30 days after the dispositive motion deadline of February 3, 2025, in

accordance with LR 26-1(b)(5). In the event dispositive motions are pending before the Court on that date, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the date of the Court's decision on the last dispositive motion, in accordance with LR 26-1(b)(5).

**Pretrial Disclosures**

10.) The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the Joint Pretrial Order, pursuant to LR 26-1(b)(6).

**Alternative Dispute Resolution**

11.) The Parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation and arbitration, pursuant to LR 26-1(b)(7), but have elected not to do so in this case.

**Alternative Forms of Case Disposition**

12.) The Parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program pursuant to LR 26-1(b)(8). At this time, The Parties do not consent to trial by a magistrate judge and do not believe this case is appropriate for the Short Trial Program.

**Electronic Evidence**

13.) The Parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations pursuant to LR 26-1(b)(9).

**Extension of Deadlines**

14.) Pursuant to LR 26-3, requests to extend any deadline set herein must be received by the Court no later than 21 days before the expiration of the subject deadline. Any request made within 21 days of the subject deadline will be supported by a showing of good cause.

/ / /

/ / /

**Protective Orders and Judicial Intervention**

15.) At this time, The Parties do not anticipate the need for the entry of any Order from the Court pursuant to Fed. R. Civ. P. 26(c) or 16(b) and (c). However, should the need arise, The Parties will work together to enter an appropriate stipulation.

DATED this 14th day of August, 2024.

Respectfully submitted,

| | |
|---|---|
| HATFIELD & ASSOCIATES, LTD. | KAMER ZUCKER ABBOTT |
| By:  /s/Trevor J. Hatfield  <br>Trevor J. Hatfield, Esq. # 7373 | By:  /s/Dare E. Heisterman  <br>R. Todd Creer           #10016<br>Dare E. Heisterman    #14060 |
| 703 South Eighth Street<br>Las Vegas, Nevada 89101<br>Tel: (702) 259-8640<br>Fax: (702) 259-8646 | 6325 S. Jones Boulevard, Suite 300<br>Las Vegas, Nevada 89102<br>Tel: (702) 259-8640<br>Fax: (702) 259-8646 |
| Attorneys for Plaintiff<br>David Vanderklipp | Attorneys for Defendant<br>Premium Waters, Inc. |

**IT IS SO ORDERED.**

  August 15, 2024  
Dated:                                         UNITED STATES MAGISTRATE JUDGE